IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVONTE HARRISON and WESLEY HARRISON, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 22-CV-213 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| CITY OF CHICAGO, PIERRE WILLIAMS, and EMMANUEL VILLEGAS, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the statement below, the defendants' motion to dismiss [13] is denied. Defendants are directed to file an amended answer, responding to all allegations of the amended complaint, by May 27, 2022. This matter is referred to the assigned Magistrate Judge for all matters relating to discovery and any settlement conference the parties may seek.

## STATEMENT

The operative complaint [10] alleges that, on December 19, 2020, the plaintiffs were unlawfully arrested by the defendants, subjected to a warrantless search, deprived of a lawfully-owned firearm, placed in pretrial detention, and charged with felonies that were ultimately dropped. Am. Compl. ¶¶ 11-22, ECF No. 10. The complaint is organized into counts:

- Count I: Unreasonable seizure of Davonte Harrison in violation of the Fourth and Fourteenth Amendments;
- Count II: Unreasonable seizure of Wesley Harrison;
- Count III: Unreasonable pretrial detention of Davonte Harrison;
- Count IV: Unreasonable search and seizure of Wesley Harrison;
- Count V: Malicious prosecution of Davonte Harrison;
- Count VI: Replevin and Declaratory relief to recover Wesley Harrison's firearm.

The defendants have moved to dismiss Counts II and VI.

As for Count II, the defendants argue that the stop of the Harrison's vehicle was lawful, attaching exhibits in support. The Court declines to consider these documents and will not dismiss Count II based on a factual dispute improperly presented during the pleading stage. Normally, attaching documents to a motion to dismiss will operate to convert that motion into one for summary judgment. Fed. R. Civ. P. 12(b). Extraneous documents may be considered at the pleading stage "if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1991). The documents

attached by the defendants may be central to their defense, but they are neither referred to nor central to the plaintiffs' claims. "[T]his is a narrow exception aimed at cases interpreting, for example, a contract." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). These documents do not fall within that narrow exception. The Court also rejects the City's argument that the stop was lawful, because, at the pleading stage, all allegations in the complaint are accepted as true. The complaint alleges that the plaintiffs were stopped for, essentially, no reason at all. *See, e.g.*, Am. Compl. ¶ 16 ("defendants "did not possess legal cause to seize either Plaintiff"); ¶¶ 18-19 (defendants did not witness plaintiffs commit any crimes and were not told by anyone that the plaintiffs had committed any crimes). To the extent that allegation rests on disputed facts, those facts can be revealed in discovery and argued at the summary judgment stage.

As for Count VI, the defendants argue that the plaintiffs' replevin claim must be dismissed because they failed to comply with a rule of Illinois procedure, 735 ILCS 5/19-104, which sets out various requirements for a plaintiff bringing such a claim. Among other things, the statute requires that a complaint be "verified" and that it "describe the property to be replevied." But this is federal court, and the Federal Rules of Civil Procedure govern. *See, e.g., Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Cooke v. Jackson National Life Ins. Co.*, 919 F.3d 1024, 1027 ("Many cases hold that federal, not state, rules apply to procedural matters—such as what ought to be attached to pleadings—in all federal suits, whether they arise under federal or state law."). The statute defendants ask the courts to enforce conflicts with Rule 8, which says nothing about "verified" complaints or detailed descriptions of property. *Cf. Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019) (holding that Illinois medical malpractice statute that requires filing of an affidavit of the plaintiff, supported by a physician's report, that there is a reasonable and meritorious cause for litigation conflicts with Rule 8 and thus does not apply at the pleading stage in federal court). Rule 8 requires plaintiffs to plead "a short plain statement of the claim showing that the pleader is entitled to relief" and that puts the defendant on notice. That has clearly happened here, as the defendants have been put on sufficient notice to gather documents for their defense and to identify the property at issue.

The defendants' partial motion to dismiss [13] is accordingly denied.

Date: May 12, 2022

John J. Tharp, Jr.
United States District Judge